# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY NAHAI and MICHAEL SOTER, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED, | Case No.  2:20-cv-3712 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | |
| BABY BREZZA ENTERPRISES LLC and THE BETESH GROUP, | |
| Defendants. | |

Plaintiffs Ashley Nahai and Michael Soter, on behalf of themselves and all other similarly situated persons, bring this class action against Baby Brezza Enterprises LLC and The Betesh Group (together, "Baby Brezza").  All allegations reflect the investigation of counsel, except the specific allegations related to the named Plaintiffs, which are based on personal knowledge.

## <u>NATURE OF THE ACTION</u>

1.      Defendant Baby Brezza manufactures, markets, warrants, and sells machines that mix baby formula powder with water and automatically prepare liquid baby formula ("Formula Makers").

2.      Baby Brezza markets the Formula Makers like the "Baby Brezza Formula Pro" and "Baby Brezza Formula Pro Advanced" as employing "patented mixing technology [that] automatically mixes formula and water to perfect consistency."

3.      The problem is that the Formula Makers do not perform as advertised, but when operated correctly, produce formula that is too watery.  Watery formula is dangerous because it lacks enough nutrients to allow infants to thrive.  And improperly concentrated formula (either

1956431.2

too watery or too dense) is dangerous because infants' digestive systems are not sufficiently developed to process formula that is too watery or too concentrated.

4.      Baby Brezza knew or should have known that the Formula Makers contain a dangerous design defect.  The sale of defective Makers and failure to disclose their propensity to make watery formula constitute unfair and deceptive business practices and breach of express and implied warranties.

5.      The Court should enjoin Baby Brezza from any further sales of the Formula Makers and require it to immediately notify consumers of the danger posed by the Formula Makers.

6.      Plaintiffs also seek money damages.  A Maker that can produce watery formula has no value because it cannot be used safely.  At minimum, the Makers have far less value than promised at the point of sale (i.e., a Maker that can produce watery formula is less valuable than one that cannot).

## THE PARTIES

### I.      Plaintiffs

7.      Plaintiffs are a married couple who reside in Los Angeles, California.

8.      Plaintiffs bought a Baby Brezza Formula Pro Advanced on November 29, 2019 from babybrezza.com (Lot # NWY-160COM).  Plaintiffs intended to use the Formula Maker to make liquid formula for their baby girl, born in 2019.

9.      Plaintiffs' Formula Maker was covered by the Baby Brezza limited warranty.

10.     Plaintiffs bought the Formula Maker new, and it was in pristine condition without perceivable damage or defect.

11.     Plaintiffs used the Formula Maker solely for its intended purpose of making baby formula.

12.     On its website, Baby Brezza publishes the setting that should be used for each specific formula brand and type. Plaintiffs input the formula brand and type that they were using into the website, which then told Plaintiffs which setting to use on their Formula Maker. Plaintiffs used the same formula brand and type throughout their use of the Formula Maker and kept the setting consistent with the setting Baby Brezza published.

13.     The first indication that something was awry was the appearance of the liquid formula. Because Plaintiffs had been mixing bottles by hand before purchasing the Formula Maker, Plaintiffs had a sense of what the bottles should look like, and the ones produced by the Baby Brezza Formula Maker appeared more watery than the ones mixed by hand.   But because Plaintiffs were new parents and believed that Baby Brezza was a reputable company that manufactured a quality product, they assumed their perception was incorrect and that the liquid formula produced by the Formula Maker was properly concentrated.  Plaintiffs checked the Baby Brezza website again to be sure the setting was correct and verified that the machine was on the proper setting.

14.     Before purchasing the machine and when Plaintiffs were mixing bottles by hand, Plaintiffs' infant daughter was eating every three hours, which is standard for most infants. Shortly after Plaintiffs began using the Formula Maker, however, their infant daughter began to scream and cry approximately every hour to hour and a half due to hunger. Plaintiffs were confused and became concerned about their daughter's health.  Their daughter seemed to be constantly hungry and unsatisfied after feedings.  She was fussy and crying more consistently than she had been before use of the machine.  When Plaintiffs took their daughter to the pediatrician for her two-month checkup, they were informed that their daughter was in the 12th

percentile for weight and that she was below the standard for daily weight gain (that is, she was gaining less than one ounce per day).

15.     At this point, Plaintiffs checked the Baby Brezza website yet again and again verified that their machine was on the proper setting.  But it became apparent that the Formula Maker was making bottles with insufficient powder.  For the first several ounces of each bottle, the Formula Maker dispensed both water and powder, but for the last ounce, dispensed only water.  This was true regardless of the bottle size selected—the final ounce comprised only water.

16.     Because it did not seem possible to fix the machine, Plaintiffs decided to use only the water dispensing feature on the Formula Maker and to mix the formula by hand.  Once they returned to mixing bottles by hand, Plaintiffs' daughter resumed her schedule of eating around every 3 hours and by her four-month checkup, had increased to the 17th percentile for weight. Since that time, Plaintiffs have continued to use the Formula Maker for the exclusive purpose of dispensing warm water, which was not their intention when purchasing the product.

17.     Had Plaintiffs known the Formula Maker would make improperly concentrated formula, they never would have bought the Formula Maker, or would have been willing to pay far less for what is a glorified water heater and dispenser.

**B.     <u>Defendants</u>**

18.     Defendant Baby Brezza Enterprises LLC, a wholly-owned subsidiary of The Betesh Group, is a New York company with its principal place of business in Newark, New Jersey.  Baby Brezza Enterprises LLC distributed, marketed, sold, and warranted the Formula Makers in this jurisdiction and throughout the United States.  Baby Brezza Enterprises LLC sold and continues to sell Formula Makers both directly on its website and through its network of authorized retailers.

1956431.2

19.     Defendant The Betesh Group, the parent company and manager of Baby Brezza Enterprises LLC, is a New Jersey Company with its principal place of business in Newark, New Jersey, as the same address as Baby Brezza Enterprises LLC.  The Betesh Group is directly involved in the manufacture, marketing, and sale of the Formula Makers, as evidenced by its statements to The New York Times.[1]

## JURISDICTION AND VENUE

20.     The United States District Court for the District of New Jersey has jurisdiction over this class action pursuant to 28 U.S.C.A. § 1332(d)(2) because the amount in controversy, exclusive of interest and costs, exceeds $5,000,000, and at least one member of the class is a citizen of a state different from Baby Brezza.

21.     The United States District Court for the District of New Jersey has general personal jurisdiction over Baby Brezza because its principal place of business is in New Jersey, and specific personal jurisdiction over Baby Brezza because it resides and transacts business in New Jersey, has purposely availed itself of the laws of New Jersey, and because many of the specific events supporting this action occurred in New Jersey.

22.     Venue is appropriate in the United States District Court for the District of New Jersey because Baby Brezza's principal place of business is in Newark, New Jersey, meaning it resides in this District. 28 U.S.C. §1391(b) and (c).

## BACKGROUND

A.      **The Formula Makers**

23.     The Formula Makers are automatic formula mixing machines that look like this:

---

[1] https://www.nytimes.com/2020/03/13/technology/baby-brezza-formula-pro-health-risks.html



24.     The models of Baby Brezza Formula Makers include, but are not necessarily limited to, the following: Formula Pro and Formula Pro Advanced.

25.     The Formula Makers retail for approximately $200 and carry an express manufacturer's warranty of one year (for products bought from retailers) or 18 months (for products bought directly from Baby Brezza).

26.     The Formula Makers include two fillable compartments: a formula powder container and a water tank.

27.     To operate the Formula Maker, customers fill the powder container with formula powder and the water tank with water. After selecting the desired temperature and quantity, customers push a "start" button to mix and dispense formula into a bottle.

B.    **The Defect**

28.    The Formula Makers' owner's manual promises "a perfectly mixed warm bottle of formula prepared in 30 seconds."[2]  And the Formula Makers are marketed on Baby Brezza's website as included "[p]atented mixing technology" that "automatically mixes formula and water to perfect consistency."[3]

29.    Instead, the Formula Makers have a propensity, when operated consistent with Baby Brezza's instructions, to produce improperly concentrated bottles of formula.

30.    Formula that is too watery poses a serious, even life-threatening danger to infants because it does not provide the nutrients they need to thrive.

31.    Formula that is either too watery or too dense is dangerous because infants' digestive systems are not sufficiently developed to process formula that is improperly concentrated.

32.    Five pediatricians recently reported to The New York Times that they had recently treated babies fed with Brezza-dispensed bottles for failure to thrive, a condition caused by lack of nutrients.[4]

33.    This dangerous defect renders the Formula Makers unfit for their ordinary and intended use.

---

[2] https://cdn.shopify.com/s/files/1/1465/2384/files/Formula_Pro_Instructions_10-30-17.pdf?3616897486280529366
[3] https://babybrezza.com/products/formula-pro-advanced
[4] https://www.nytimes.com/2020/03/13/technology/baby-brezza-formula-pro-health-risks.html

### C. **The Warranties**

#### 1. **Express Warranties**

34.     In selling the Formula Makers to Plaintiffs and other Class Members, Baby Brezza provided a uniform, express one-year (to retail purchasers) or 18-month (to direct purchasers) factory warranty against manufacturing defects and materials and workmanship.

35.     The warranty for the Formula Makers is offered on a take-it-or-leave-it basis, and consumers are not afforded a chance to negotiate for more favorable terms in the warranty because of the parties' relative bargaining power.

#### 2. **Implied Warranties**

36.     Along with the express warranty described above, Baby Brezza marketed, advertised, and warranted that Formula Makers were of merchantable quality and fit for their intended purpose. It also marketed, advertised, and warranted that the Formula Makers were free from defects and did not pose an unreasonable risk to persons or property.

#### 3. **Limitations on Express and Implied Warranties**

37.     The limitations in the warranties offered by Baby Brezza on the Formula Makers, including the limitations on implied warranties and the terms of the warranty, are thus unconscionable and unenforceable. Plaintiffs will prove that the warranties' limitations are unconscionable with proof obtained during the discovery period.

38.     Federal law mandates that any manufacturer or seller making a product available to customers, whether directly or indirectly, cannot disclaim implied warranties of merchantability and fitness for a particular purpose where that manufacturer has made an express warranty. For these reasons, such implied warranties apply to Formula Makers sold to Plaintiffs and all Class Members.

### D.    Baby Brezza's Knowledge of the Defect

39.    Baby Brezza knew or should have known of the defect from its pre-sale testing and design.  The Formula Makers fail to perform adequately their sole function, which is to mix the correct ratio of formula podwer and water.  That failure creates an immediate and serious safety risk to infants.  Such a fundamental deficiency in operating the Formula Makers would have been apparent in any minimally adequate testing.

40.    If Baby Brezza's presale testing and design process did not put Baby Brezza on notice of the defect, then the high number of consumer complaints did.

41.    There are more than 100 complaints on Amazon, Facebook, Better Business Bureau, and parenting forums related to the Formula Makers dispending incorrect or inconsistent amounts of water or formula powder.

42.    Customers have left negative reviews on buybuybaby.com mentioning issues related to watery formula, water intoxication, malnutrition, and irritable infants.  For example:

a.    One customer identified as "Richardo561" wrote in August 2019:  "I think that the people who give this product more than 1 star are the ones who tested the product a handful of times.  I have an 8 week old boy and have been using the machine since he started.  The formula was changed numerous times due to spit up and vomiting.  I decided to manually mix the formula and all of this stopped.  In conclusion, machine is not properly mixing the formula (correct settings as per website were used on all 3 formulas."

b.    One customer identified as "SCBP1989" wrote in October 2019: "Do NOT buy this machine! . . . .  I started using this machine on a Sunday night and on that Wednesday morning we had the baby at the hospital for symptoms of water intoxication."

c.    One customer identified as "Misha" wrote in February 2020:  "We have been using since my baby came home from the hospital (3 months ago) she wasn't gaining the

proper amount of weight even though we were feeding her the proper amount of formula. She

was crying hysterically after bottles, not taking long naps or sleeping through the night. We

finally realize the formula to water ratio was off and we were basically starving out [sic] baby

thanks to this machine. I've never been more angry, this is literally messing with my child's

health!"

        d.      One customer identified as "Suzie" wrote in February 2020: "I am NOT a

fan of the Baby Brezza. The formula/water ration [sic] was way off and I was not able to return

it to BBB. Totally disappointed with the product that should have made our life easier, made our

little one miserable. Luckily we caught it soon enough. Not worth the money."

      43.     Customers have also left one-star reviews on Baby Brezza's own website citing

these issues. For example, one customer identified as "Refundmepls" wrote in September 2019:

"My friends recommend me this product – she told me that she used this product until her son

was three years old. She has to supplement her son with the formula for three years because his

height/weight is on the low side. Now you know why – because the machine gets the wrong

powder/water ratio. After getting the machine, I spent over ten hours studying how to set up the

machine correctly to get right power/water [sic]. I've trouble-shoot everything, but every time

the power [sic] come out only 50% of the correct amount. The water does come out at the exact

amount, but in the end of the milk is extremely diluted. I tried to call customer service for 6/7

times for two days. Every time it says the representative is busy and you need to write an email.

I wrote an email complaining about the issue and asked to return the product, but now is 36

hours, still no email has been replied."

      44.     Customers have also left negative reviews on Amazon.com. For example, one

customer identified as "Christina" wrote in January 2020: "Honestly, not worth the money. I

was continuing to add formula to every bottle I made and it still didn't seem right, and formula never mixed."

    45.    Customers have also reported the defect to the Consumer Product Safety Commission.[5] For example:

    a.    February 23, 2016: "Family was using the Baby Breeza [sic] product for their infant. The formula was not mixing correctly as it was stated to do so. Therefore the baby was not getting the correct calorie or electrolyte concentration. The infant was not gaining weight and was fussy and irritable."

    b.    July 21, 2016:  "We purchased the Baby Brezza Formula Pro for our baby about 4 months ago. We have been using the machine for 11 weeks following all instructions on use and care. The machine is very dangerously shorting the amount of formula that our daughter is to be receiving. It took her being extremely fussy, not pooping, and not sleeping for us to think to compare a handmade bottle to a baby brezza bottle.  When comparing we weighed an empty bottle, dispensed 2oz of formula made by the baby brezza and weighed the bottle again and calculated the difference. We then did the same with a bottle made by hand using the formula scoop provided in the formula can. The difference was significant and shocking. Please look into this issue and research this on your own. Watered down bottles can be very dangerous for a newborn as you are already aware. I fear for the parents that do not think to evaluate what is being dispensed."

    c.    June 20, 2019:  "A family was relying on the Baby Breeze [sic] to mix powdered formula for their infant. When they presented for their baby's well child check it was noted that the baby had lost significant weight. When parents returned home they realized that

---

[5] *See* https://saferproducts.gov/Search/Result.aspx?dm=0&q=baby+brezza&srt=0

1956431.2

the Breeza [sic] was not mixing correctly leaving diluted formula which was being fed to their infant. Once the mixer was no longer used the infant quickly regained weight."

        d.     July 12, 2019: "A parent reported that the default setting on the unit is incorrect.  The formula for the parent's child was mixed incorrectly.  The child had to be evaluated after drinking the formula but the child is allright."

46.     Baby Brezza responded to many complaints to the CPSC dating to 2016, showing its knowledge of the defect.  But rather than disclose that its products contained a dangerous defect, Baby Brezza concealed the defect, blaming the problems on unspecified customer misuse.

        E.     **Baby Brezza's Misrepresentations and Concealment**

             1.     **Affirmative Misrepresentations**

47.     Despite Baby Brezza's knowledge of the defect, Baby Brezza chose to keep manufacturing and selling dangerous and defective Formula Makers to consumers, while neither warning consumers of the serious safety risks its products posed, nor changing the design of its unsafe product, using appropriate materials, or changing shortcomings in its manufacturing process.

48.     Rather than acknowledge the safety issue the Formula Makers posed, Baby Brezza promoted "perfect mixed warm bottle[s] of formula" and "[p]atented mixing technology" that "automatically mixes formula and water to perfect consistency."

49.     In purchasing and using the machines, Plaintiffs relied on all of these representations.  Any purchaser by definition relied on these representations because the Formula Makers' sole function is to mix the correct ratio of formula powder and water.

### 2.   Concealment

50.   Baby Brezza had a duty to disclose the above-described defect to Plaintiffs and proposed Class Members, but failed to do so.

51.   Baby Brezza sold the Formula Makers to Plaintiffs and the proposed Class Members and made the warranties and express representations described above with knowledge that the Formula Makers were defective.

52.   This defect was not disclosed to Plaintiffs, or other Class Members at the point of sale when they bought their respective Formula Makers, nor has Baby Brezza disclosed the defect to Class Members since purchase.

### F.   Injuries and Risk of Imminent Harm to Plaintiffs

53.   Plaintiffs and the other Class Members bought their Formula Makers solely for their personal, residential purposes and only used the Formula Makers as intended and in accordance with the operating instructions provided by Baby Brezza.

54.   Given the defect, Plaintiffs and other Class Members paid far more than the reasonable value of the Formula Makers, and would not have paid such had the defect described above been disclosed by Baby Brezza.

55.   Baby Brezza has profited, and continues to profit from the sale of defective Formula Makers by failing to disclose the above described defect and continuing to sell the Formula Makers at prices well above their reasonable value.

56.   As a direct and proximate result of Baby Brezza's false warranties, misrepresentations, and failure to disclose the defect inherent in these Formula Makers, Plaintiffs and the proposed Class have bought the Formula Makers and have suffered injury as a result.

57.   As a direct and proximate result of Baby Brezza's concealment of the defect, its failure to warn its customers of the defect and the safety risks posed by the Formula Makers, and

-35-

its failure to remove the defective Formula Makers from consumers' homes or otherwise remedy the defect, Plaintiffs and Class Members purchased Baby Brezza's defective and unsafe Formula Makers and in many cases use them in their homes to this day.  Had Plaintiffs and Class Members known of this serious safety risk, they would not have purchased the Formula Makers, would have paid substantially less for their Formula Makers than they paid, and/or would have removed them from their homes.

58.     Baby Brezza continues to market and sell the Formula Makers in question without disclosing the inherent defect described above despite receiving many consumer complaints.

## **CLASS ALLEGATIONS**

59.     Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs bring this action on behalf of themselves and all other persons similarly situated.  In particular, they seek to represent a class of:

> All residents of the United States and its territories who purchased a new Formula Maker or otherwise acquired a Formula Maker, primarily for household use and not for resale.

In the alternative, Plaintiffs propose multiple classes of:

> All residents of [a given state or states] who purchased a new Formula Maker or otherwise acquired a Formula Maker, primarily for household use and not for resale.

Excluded from both of the above definition are: Baby Brezza, its officers, directors, and employees, and any entity in which Baby Brezza has a controlling interest or which has a controlling interest in Baby Brezza, and that entity's officers, directors, and employees; the judge assigned to this case and his or her immediate family; all expert witnesses in this cause; and, all persons who make a timely election to be excluded from the Class.

A.    **Plaintiffs meet the prerequisites of Rule 23(a)**

60.    Numerosity. Upon information and belief, the proposed Class includes many thousands of individuals, and therefore is so numerous that joinder of all members would be impracticable.  Baby Brezza has sold approximately 500,000 Formula Makers, according to market research.

61.    Commonality. The answers to questions common to the Class will drive the resolution of this litigation.  Resolution of this case will be driven by questions relating to the Formula Makers' common design, whether the design is defective, whether the defective design poses a safety risk, Baby Brezza's knowledge of the defect, the uniform diminution in value of the Formula Makers, and the corresponding unjust enrichment to Baby Brezza.  The common questions of law and fact include, but are not limited to, the following:

a.    whether the Formula Makers pose unreasonable safety risks to consumers;

b.    whether Baby Brezza knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers' children;

c.    whether Baby Brezza concealed the safety risks its Formula Makers pose to consumers;

d.    whether the safety risks the Formula Makers pose to consumers' children constitute material facts that reasonable purchasers would have considered in deciding whether to purchase a Formula Maker;

e.    whether the Formula Makers  possess a material defect;

f.    whether Baby Brezza knew or should have known of the inherent defect in the Formula Makers when it placed them into the stream of commerce;

g.    whether Baby Brezza concealed the defect from consumers;

-35-

h.      whether the existence of the defect is a material fact reasonable purchasers would have considered in deciding whether to purchase a Formula Maker;

i.      whether the Formula Makers are merchantable;

j.      whether the Formula Makers are fit for their intended use;

k.      whether Baby Brezza was unjustly enriched by the sale of defective Formula Makers to the Plaintiff class;

l.      whether any false warranties, misrepresentations, and material omissions by Baby Brezza about its defective Formula Makers caused Class Members' injuries; and

m.      whether Baby Brezza should be enjoined from further sales of the Formula Makers.

62.      <u>Typicality.</u> Plaintiffs have the same interests as all members of the classes they seek to represent, and all of Plaintiffs' claims arise out of the same set of facts and conduct as all other members of the classes.  Plaintiff and all Class Members own or owned a Formula Makers designed or manufactured by Baby Brezza with a uniform defect that makes the Formula Makers immediately dangerous upon first use and that cause the Formula Makers to fail within their expected useful lives.  All the claims of Plaintiffs and Class Members arise out of Baby Brezza's placement of a product into the marketplace it knew was defective and posed safety risks to consumers, and from Baby Brezza's failure to disclose the known safety risks and defect.  Also common to Plaintiffs and Class Members' claims are Baby Brezza's conduct in designing, manufacturing, marketing, advertising, warranting, and selling the defective Formula Makers, Baby Brezza's conduct in concealing the defect in the Formula Makers, and Plaintiffs' and Class Members' purchase of the defective Formula Makers.

-35-

63.     <u>Adequacy.</u>  Plaintiffs will fairly and adequately represent and protect the interest of the Class Members: Plaintiffs' interests align with those of the Class Members, and Plaintiffs have no fundamental conflicts with the Class.  Plaintiffs have retained counsel competent and experienced in products liability, consumer protection, and class action litigation, who will fairly and adequately represent the Class.

**B.     Plaintiffs meet the prerequisites of Rule 23(b)(2)**

64.     Baby Brezza has acted and refused to act on grounds that apply generally to the Class, so declaratory relief is appropriate for the entire Class.  Baby Brezza made representations and warranties to the Class as a whole, and concealed facts from and made material misrepresentations to the Class as a whole.

**C.     Plaintiffs meet the prerequisites of Rule 23(b)(3)**

65.     <u>Predominance and Superiority.</u>  The common questions of law and fact enumerated above predominate over the questions affecting only individual members of the Class, and a class action is superior to other methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable.  Baby Brezza has acted in a uniform manner with respect to the Plaintiffs and Class Members.

66.     Baby Brezza is a sophisticated party with substantial resources, while Class Members are not, and prosecution of this litigation is likely to be expensive.  Because the economic damages suffered by any individual Class Member may be modest compared to the expense and burden of individual litigation, it would be impracticable for Class Members to seek redress individually for Baby Brezza's wrongful conduct as alleged .

67.     The concealed safety risks described above support swiftly and efficiently managing this case as a class action, which preserves judicial resources and minimizes the possibility of serial or inconsistent adjudications.

68.     Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Baby Brezza's unlawful and wrongful conduct.  Without a class action, Class Members will continue to suffer the undisclosed risk of improperly concentrated formula and incur monetary damages, and Baby Brezza's misconduct will continue without remedy.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

69.     There will be no undue difficulty in the management of this litigation as a class action.

70.     Alternatively, certification may be appropriate on individual issues of liability as against Baby Brezza as those issues will raise common questions applicable to all Class Members and materially advance the litigation.

**D.     The proposed Class is ascertainable.**

71.     The Class is defined by reference to objective criteria, and is there an administratively feasible mechanism to determine who fits within the Class.  The Class consists of purchasers and owners of certain Formula Makers, and class membership can be determined using receipts, photographs, ownership documentation, and records in Baby Brezza's and other databases.

**STATUTES OF LIMITATION, FRAUDULENT CONCEALMENT, AND ESTOPPEL**

**A.     Discovery Rule**

72.     The causes of action alleged here accrued upon discovery of the defective nature of the Formula Makers.  Because the defect is latent, and Baby Brezza concealed it, Plaintiffs and members of the Class did not discover and could not have discovered the defect through reasonable and diligent investigation.  Reasonable and diligent investigation did not and could not reveal a factual basis for a cause of action based on Baby Brezza's concealment of the defect.

### B.    Fraudulent Concealment

73.    Any applicable statutes of limitation have been tolled by Baby Brezza's knowing, active, and ongoing concealment and denial of the facts as alleged.  Baby Brezza was and is under a continuous duty to disclose to Plaintiffs and Class Members the true character, quality, and nature of the Formula Makers, particularly that they pose serious risks to public safety, and are at risk of failure.  At all relevant times, and continuing to this day, Baby Brezza knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Formula Makers and sold the Formula Makers into the stream of commerce as if they were safe for use.  Given Baby Brezza's failure to disclose this non-public information about the defective nature of the Formula Makers and safety risks to the public information over which Baby Brezza had exclusive control—and because Plaintiffs and Class Members could not reasonably have known that the Formula Makers were thereby defective—Plaintiffs and Class Members reasonably relied on Baby Brezza's knowing affirmative and ongoing concealment.  Had Plaintiffs and Class Members known that the Formula Makers pose a safety risk to the public, they would not have purchased the Formula Makers.

74.    Plaintiffs and the Class have been kept ignorant by Baby Brezza of vital information essential to the pursuit of these claims, without fault or lack of diligence on their part.  Plaintiffs and the Class could not reasonably have discovered the true, latently defective nature of the Formula Makers.

### C.    Estoppel

75.    Baby Brezza was and is under a continuing duty to disclose to the Plaintiffs and the Class the true character, quality, and nature of the Formula Makers.  Baby Brezza knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Formula Makers, and the concealment is ongoing.  Baby Brezza knew of the defect and the serious safety

-35-

risk they posed to consumers and has actively concealed them.  Plaintiffs reasonably relied on

Baby Brezza's knowing, affirmative, and/or active and ongoing concealment.  Based on the

above, Baby Brezza is estopped from relying on any statute of limitations in defense of this

action.

76.    Additionally, Baby Brezza is estopped from raising any defense of laches because

of its own conduct as alleged.

**COUNT ONE**
**DECLARATORY AND INJUNCTIVE RELIEF**
**Asserted on Behalf of the Nationwide Class**

77.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth

herein.

78.    There is an actual controversy between Baby Brezza and Class Members over the

existence of the defect in the Formula Makers.

79.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal

relations of any interested party seeking such declaration, whether or not further relief is or could

be sought."

80.    Accordingly, Plaintiffs and Class Members seek a declaration that Formula

Makers have a common defect in their design and/or manufacture.

81.    Additionally, Plaintiffs and Class Members seek a declaration that this common

defect poses a serious safety risk to consumers and the public.

82.    Baby Brezza designed, manufactured, produced, tested, inspected, marketed,

distributed, and sold Formula Makers which contain a material and dangerous defect as

described above.  Based on information and belief, Baby Brezza continues to design,

manufacture, produce, test, inspect, market, distribute, and sell Formula Makers that contain a

material and potentially dangerous defect as described above.

83.     At all times relevant, Baby Brezza knew, or should have known, of the defect at the point of sale of the Formula Makers that renders its Formula Makers unsafe, and of the substantial safety risk its Formula Makers pose to consumers and the public.

84.     Baby Brezza has taken no or insufficient corrective action concerning this defect, and has issued no warnings or notices concerning the defect and the safety risks accompanying it or implemented a Formula Maker recall.  Thus, Plaintiffs and Class Members face the risk of real injury in that, because the defect remains in the Formula Maker, Plaintiffs and Class Members' children could be injured by a Formula Maker.

85.     Because of Baby Brezza's concealment of the defect, Plaintiffs and Class Members paid for Formula Makers that posed a serious safety risk to consumers and the public and could not be used for its intended purpose of safely mixing bottles of formula.

86.     Plaintiffs and the Class have suffered actual damage or injury or are in immediate risk of suffering actual damage or injury because of the Baby Brezza Formula Maker defect.

87.     Baby Brezza should have to take corrective action to prevent even more injuries, including:

a.      issuing a nationwide recall of the Formula Makers to immediately remove the defective and unreasonably dangerous products from the market and prevent more injuries to life and property;

b.      issuing warnings and/or notices to consumers and the Class concerning the defect, cautioning them not to use their Formula Maker, and/or instructing them on steps they can take that may prevent or lessen the likelihood of improperly mixed bottles;

c.      immediately discontinuing the manufacture, production, marketing, distribution, and sale of the defective Formula Makers described above;

-35-

d.      informing all potential Class Members with whom Baby Brezza interacts about the pendency of this litigation, and potential Class Members' rights in relation to it.

## COUNT TWO
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Asserted on Behalf of the Nationwide Class

88.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

89.     The Formula Makers owned by Plaintiffs and Class Members were defectively designed and manufactured and pose serious and immediate safety risks to consumers and the public.

90.     The defect exists at the point of sale of the Formula Makers.

91.     The defect places consumers and the public at serious risk for their own safety when the Formula Makers are used in consumers' homes.

92.     At all times relevant hereto, Baby Brezza was under a duty imposed by law requiring that a manufacturer or seller's product be reasonably fit for the ordinary purposes for which the product is used, and that the product be acceptable in trade for the product description. This implied warranty of merchantability is part of the basis for the bargain between Baby Brezza, on the one hand, and Plaintiffs and Class Members, on the other.

93.     Despite the aforementioned duty, at the time of delivery, Baby Brezza breached the implied warranty of merchantability in that the Formula Makers were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used (safely mixing formula bottles), and failed to conform to the standard performance of like products used in the trade.

94.     Baby Brezza knew or should have known that the Formula Makers pose a safety risk and are defective and knew or should have known that selling the Formula Makers to Plaintiffs and Class Members breached the implied warranty of merchantability.

95.     As a direct and proximate result of Baby Brezza's breach of the implied warranty of merchantability, Plaintiffs and Class Members bought the Formula Makers without knowledge of the defect or their serious safety risks.

96.     As a direct and proximate result of Baby Brezza's breach of the implied warranty of merchantability, Plaintiffs and Class Members bought unsafe products which could not be used for their intended purpose of safely mixing formula bottles.

97.     As a direct and proximate result of Baby Brezza's breach of the implied warranty of merchantability, Plaintiffs and Class Members have suffered damages and did not receive the benefit of their bargain.

98.     Baby Brezza was unjustly enriched by keeping the profits for its unsafe products while never having to incur the cost of repair, replacement, retrofit, or a recall.

99.     Warranty disclaimers are unconscionable when, as here, Class Members have no meaningful choice in determining the terms of a warranty, there is a gross disparity of power between the Class Members and the manufacturer, the terms of the warranty favor the manufacturer over the buyer, and the manufacturer knew of the defect.

100.    Furthermore, warranty disclaimers are unenforceable where the terms are inconspicuous and the consumer was not aware of their existence.

101.    The Uniform Commercial code provides that "negation or limitation is inoperative to the extent that such construction is unreasonable." E.g., Ind. Code § 26–1–2–316(1). Baby Brezza never required consumers to acknowledge acceptance or receipt of the

purported limitation on warranties. Accordingly, it is unreasonable to limit Plaintiffs and the Class Members' warranties without adequate notice of the limitation.

102.    Baby Brezza is estopped from claiming as a defense the limitation on implied warranties as it exists in its warranty to consumers as the limitation, as described above, is unconscionable.

103.    Formula Makers are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

104.    Plaintiffs and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

105.    Baby Brezza is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

106.    Baby Brezza provided Plaintiffs and Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

107.    In its capacity as warrantor and by the conduct described herein, any attempt by Baby Brezza to limit the implied warranties in a manner that would exclude coverage of the defective Formula Makers is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Formula Makers is void.

108.    The defectively designed Formula Makers bought by Plaintiffs and all other Class Members are unfit for their intended and ordinary purposes because they are prone to produce improperly concentrated bottles of formula.

109.    As a direct and proximate result of Baby Brezza's breach of the implied warranty of merchantability, Plaintiffs and all the Class Members have suffered loss.

110.    As a result of Baby Brezza's breach of implied warranties, Plaintiffs and Class

Members have a right to revoke their acceptance of the Formula Makers, obtain damages and

equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## COUNT THREE
### NEGLIGENCE
### Asserted on Behalf of the Nationwide Class

111.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth

herein.

112.    Baby Brezza owed a duty to Plaintiffs and Class Members to design, manufacture,

produce, test, inspect, market, distribute, and sell the Formula Makers with reasonable care and

in a workmanlike fashion, and had a duty to protect Plaintiffs and Class Members from

foreseeable and unreasonable risk of harm. Baby Brezza breached that duty by, among other

things, defectively designing, manufacturing, testing, inspecting and distributing the Formula

Makers.

113.    Baby Brezza unreasonably failed to provide appropriate and adequate warnings

and instructions about its defective Formula Makers, and this failure was a proximate cause of

the harm for which damages are sought. In addition, when the Formula Makers left its control,

Baby Brezza knew, or in the exercise of reasonable care should have known, its defective

Formula Makers posed a substantial risk of harm to the life and property of its customers. Baby

Brezza knew, or in the exercise of reasonable care should have known, the Formula Makers it

designed, manufactured, produced, tested, inspected, marketed, distributed, and sold, created an

unreasonable safety risk and would fail to perform as intended.

114.    Baby Brezza acted unreasonably in designing the Formula Makers, and this

conduct was a proximate cause of the harm for which damages are sought.  Further, when the

Formula Makers left the control of Baby Brezza, it unreasonably failed to adopt a safer, practical,

feasible, and otherwise reasonable alternative design that could have then been reasonably adopted and that would have prevented or cut the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Formula Makers. Furthermore, when the Formula Makers left the control of Baby Brezza, their design was so defective that a reasonable person, aware of the relevant facts, would not use or purchase a Formula Maker of this design.

115.    Baby Brezza knew, or in the exercise of reasonable care should have known, that the Formula Makers created unreasonable safety risks. Baby Brezza further knew, or in the exercise of reasonable care should have known, that the Formula Makers could cause property damage, personal injury, and/or death.

116.    Based on this knowledge, Baby Brezza had a duty to disclose to the Plaintiffs and Class Members the serious safety risks posed by the Formula Makers and a duty to disclose the defective nature of the Formula Makers.

117.    Baby Brezza had another duty not to put the defective Formula Makers on the market and has a continuing duty to replace its unsafe Formula Makers, remove its unsafe Formula Makers from the market and seek a recall from consumers.

118.    Baby Brezza failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution, and sale of the Formula Makers by, among other things, failing to design and manufacture the Formula Makers in a manner to ensure that, under normal intended usage, they would not pose unreasonable risk to life and property.

119.    Baby Brezza failed to exercise reasonable care in failing to warn or to warn adequately and sufficiently, either directly or indirectly, Plaintiffs and Class Members of the defect in the Formula Makers.

120.    Baby Brezza failed to exercise reasonable care when it knew of the safety risks the Formula Makers posed and actively concealed those risks from Plaintiffs and Class Members.

121.    Baby Brezza failed to exercise reasonable care when it knew of the safety risks the Formula Makers posed and failed to replace, repair or recall Formula Makers it knew were unsafe and defective.

122.    As a direct and proximate result of Baby Brezza's negligence, Plaintiffs and Class Members bought the Formula Makers without knowledge of their defective nature or of their serious safety risks.

123.    As a direct and proximate result of Baby Brezza's negligence, Plaintiffs and Class Members bought unsafe products that could not be used as intended.

124.    As a direct and proximate result of Baby Brezza's negligence, Plaintiffs and Class Members have suffered damages.

125.    Plaintiff and Class Members seek to recover the damages caused by Baby Brezza. In addition, given Baby Brezza's conscious disregard for the safety of Plaintiffs and Class Members, they also seek an award of exemplary damages.

## COUNT FOUR
### BREACH OF EXPRESS WARRANTY
### Asserted on Behalf of the Nationwide Class

126.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

127.    Baby Brezza is and was at all times relevant a merchant with respect to the Formula Makers.

128.    As pleaded above, Baby Brezza knew of the alleged defect and the serious safety risks to consumers like Plaintiffs and Class Members.

129.    Despite that knowledge, at all relevant times, Baby Brezza expressly warranted in writing that its Formula Makers were "free of defects in material or workmanship. . . ."

130.    The Formula Makers are defective in that they produce liquid formula with incorrect concentrations of formula powder.

131.    Alternatively, the limitations in Baby Brezza's warranty are unconscionable.

132.    Formula Makers are "consumer products," as that term is defined by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

133.    Plaintiffs and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

134.    Baby Brezza is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

135.    Baby Brezza provided Plaintiffs and Class Members with "written warranties," as that term is defined by 15 U.S.C. § 2301(6).

136.    In its capacity as warrantor, and by the conduct described above, any attempts by Baby Brezza to limit the express warranties in a manner that would exclude coverage of the defective Formula Makers is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Formula Makers is null and void.

137.    By selling Formula Makers containing the defect to consumers like Plaintiffs and Class Members after it gained knowledge of the defect, Baby Brezza breached its express warranty to provide Formula Makers free from defects.

138.    Baby Brezza also breached its express warranty to repair and correct material defects or component malfunctions in its Formula Makers when it failed to do so despite

knowledge of the defect and despite knowledge of alternative designs, alternative materials, and options for retrofits.

139.   Baby Brezza has not made repairs correcting the material defect or component malfunctions in its Formula Makers.

140.   The limited warranty of repair for the Formula Makers fails in its essential purpose because the contractual remedy cannot make Plaintiffs and Class Members whole and because Baby Brezza has refused to provide the promised remedies within a reasonable time.

141.   And as alleged in more detail above, at the time Baby Brezza warranted and sold the Formula Makers, it knew that the Formula Makers did not conform to the warranties and were inherently defective, and Baby Brezza wrongfully and fraudulently misrepresented and concealed material facts about its Formula Makers.

142.   As detailed above, Baby Brezza knew that Plaintiffs' Formula Makers malfunctioned but failed to provide defect-free Formula Makers to Plaintiffs or Class Members when their Formula Makers failed free or to provide an adequate retrofit to remedy the Formula Makers.

143.   As detailed above, Baby Brezza was provided with notice and has been on notice of the defect and of its breach of express written warranties through its own internal and external testing as well as customer complaints, yet it failed to repair, replace, or retrofit the Formula Makers to ensure they were free of materials defects or component malfunctions as Baby Brezza promised.

144.   Accordingly, Plaintiffs and Class Members are not limited to the limited warranty of "repair" and Plaintiffs and Class Members seek all remedies allowed by law.  As a result of Baby Brezza's breach of express warranties, Plaintiffs and Class Members have a right to revoke

their acceptance of the Formula Makers, obtain damages and equitable relief, and obtain

attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

145.   As a direct and proximate result of Baby Brezza's breach of its express warranty,

Plaintiffs and Class Members have suffered damages.

**COUNT FIVE**
**UNJUST ENRICHMENT**
**Asserted on Behalf of the Nationwide Class**

146.   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth

here.

147.   Baby Brezza received proceeds from its intentional sale of defective Formula

Makers, which were bought by Plaintiffs and Class Members for an amount far greater than the

reasonable value of the defective machines.

148.   In exchange for the purchase price paid by Plaintiffs and Class Members, Baby

Brezza provided defective Formula Makers likely to fail within their useful lifespan.  There is no

reasonable or acceptable rate for a Formula Maker to make an improperly concentrated bottle of

formula.  This defect renders the Formula Makers unfit, and indeed, unsafe for their intended

use.

149.   Plaintiffs and Class Members reasonably believed that the Formula Makers would

function as advertised and warranted, and did not know, nor could have known, that the Formula

Makers contained a defect at the time of purchase.

150.   Baby Brezza knows of and appreciates the benefit conferred by Plaintiffs and

Class Members and has retained that benefit despite its knowledge that the benefit is unjust.

151.   Under the circumstances, permitting Baby Brezza to retain the proceeds and

profits from the sales of the defective Formula Makers described above would be unjust.  For

that reason, Baby Brezza should have to disgorge the unjust enrichment.

1956431.2

## COUNT SIX
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J.S.A. 56:8-1, ET SEQ.
#### Asserted on Behalf of the Nationwide Class

152.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

153.    The New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 *et seq*.) ("NJCFA") states:

> any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . ." N.J.S.A. 56:8-2.

154.    Plaintiffs and Class Members are consumers who bought Formula Makers for personal, family, or household use.

155.    The advertisement, promotion, distribution, supply, or sale of the Formula Makers is a "sale or advertisement" of "merchandise" governed by the NJCFA.

156.    Before Plaintiffs' and Class Members' purchase of the Formula Makers,  Baby Brezza violated the NJCFA by making:

a.    uniform representations that its Formula Makers were of a particular standard, quality, or grade when they were and are not, and that they would perform as represented when they did not, as set forth above; and

b.    false and/or misleading statements about the capacity and characteristics of the Formula Makers, as set forth above, that were unfair, deceptive, or otherwise fraudulent, had and continue to have the capacity to, and did, deceive the public and cause injury to Plaintiffs and Class Members.

157.    Baby Brezza, in its communications with and disclosures to Plaintiffs and Class Members, intentionally concealed or otherwise failed to disclose that the Formula Makers included a design defect that poses a safety risk to consumers and render the Formula Makers substantially certain to fail before the end of their useful lives.

1956431.2

158.     Plaintiffs and Class Members reasonably expected that the Formula Makers would perform their formula making function without a risk of improperly concentrated bottles, and reasonably expected that Baby Brezza did not design the Formula Makers to incorporate a material defect known to Baby Brezza, and that the Formula Makers would perform as represented by Baby Brezza in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Baby Brezza, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a Formula Makers.  Moreover, Baby Brezza intended for consumers, including Plaintiffs and Class Members, to rely on these material facts.

159.     Baby Brezza had exclusive knowledge that the Formula Makers had and have the defect set forth above which created a duty to disclose these facts.  Baby Brezza breached that duty by failing to disclose these material facts.

160.     The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to consumers or competition under all circumstances.  There is a strong public interest in consumer appliance safety, particularly with regards to children, as well as in truthfully advertising and disclosing consumer appliance defect that pose a risk to property and life.

161.     Had Plaintiffs and Class Members known about the design defect and accompanying safety risks, and/or that the Formula Makers did not operate as advertised, they would not have purchased the Formula Makers or would have paid less than they did for them. As a direct and proximate result of Baby Brezza's actions, Plaintiffs and Class Members have suffered ascertainable loss and other damages.

-35-

162.    New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Nationwide Class Members under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.

163.    New Jersey has a significant contact, or significant aggregation of contacts, to the claims asserted by each Plaintiff, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair. Baby Brezza's headquarters and principal place of business are in Newark, New Jersey.  Baby Brezza also owns property and conducts substantial business in New Jersey, and therefore New Jersey has an interest in regulating Baby Brezza's conduct under New Jersey's laws.  Baby Brezza's decision to reside in New Jersey and avail itself of New Jersey's laws render the application of New Jersey law to the claims at hand constitutionally permissible.

164.    The application of New Jersey's laws to the proposed Nationwide Class Members is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of the Plaintiffs and the proposed Nationwide Class Members, and New Jersey has a greater interest in applying its laws here than any other interested State.

**COUNT SEVEN**
**VIOLATION OF STATE CONSUMER PROTECTION, UNFAIR**
**COMPETITION, COMMERCIAL, AND COMMON LAWS**
**Asserted on Behalf of State Sub-Classes**

165.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth here.

166.    Baby Brezza's actions alleged above, and the resulting harm to Plaintiffs and Class Members arising therefrom, violate not only the NJCFA but also the common law duties of good faith and fair dealing, the common law of fraud by omission, and the commercial, consumer protection, and unfair competition laws of various states, including, among others, Cal.

Code §§l668, 1709 and 1710, the Song-Beverly Act, Cal. Civil Code § 1790, et seq., Cal.

Commercial Code § 2313, New York General Business Law § 349, et seq., the Illinois Consumer

Fraud and Deceptive Practices Act (815 Ill. Comp. Stat. § 50 5/2), the Indiana Consumer Fraud

and Deceptive Practices Act (Ind. Code § 24-5-0.5 et seq.), the Minnesota Prevention of

Consumer Fraud Act (§325 F et seq.), Michigan's Comp. Laws (§445.903 et seq.), the Kentucky

Consumer Fraud and Deceptive Business Practices Act (Ky. Rev. Stat. § 367.220 et seq.),

Florida's Deceptive And Unfair Trade Practices Act (F.S.A., 501.201 et seq.), the Arizona

Consumer Fraud Act (A.R.S. §§44-1521 et seq.), the Louisiana law of redhibition (La C.C. Arts.

2520, et seq.), Colorado's Consumer Protection Act (C.R.S. §§6-1-101 et seq.), Ohio's

Consumer Sales Practices Act (Ohio Rev. Code § 1345.01 et seq.), Oklahoma's Consumer

Protection Act (15 Okl. St. §751 et seq.), Pennsylvania's Unfair Trade Practices and Consumer

Protection Law (73 Pa.C.S.A. §§201-1 et seq.), the Maryland Consumer Protection Act (Md.

Code Ann. § 13-303 et seq.), Washington's Rev. Code §19.86 et seq., the North Carolina Unfair

and Deceptive Trade Practices Act (§75-1.1), the Texas Deceptive Trade Practices - Consumer

Protection Act, (Tex. Bus. & Com. Code §17.41 et seq.), and Wisconsin's Deceptive Trade

Practices Act (Wis. Stat. Ann. §100.18 et seq.).

167.     By this Count Plaintiffs plead on behalf of the Class violations of all the above

statutory and common laws.

## **COUNT EIGHT**
### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
### BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*
### Asserted on Behalf of the California Sub-Class

168.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint

as if fully stated here.

169.    California Business and Professions Code section 17200 prohibits any "unfair deceptive, untrue or misleading advertising."   For the reasons discussed above, Baby Brezza has engaged in unfair, deceptive, untrue, and misleading advertising in violation of California Business & Professions Code sections 17200, et seq.

170.    California Business & Professions Code section 17200 also prohibits any "unlawful, unfair or fraudulent business act or practice."

171.    Baby Brezza has violated Section 17200, et seq.'s prohibition against engaging in unlawful, unfair, or fraudulent acts and practices by, among other things: making the misrepresentations and omissions of material fact as alleged herein; violating California False Advertising Act – Business & Professions Code §§ 17500, et seq., by making the misrepresentations about Baby Brezza's product; and violating section 1770 of the Consumers Legal Remedies Act.  Baby Brezza violated these California statutes at least by misrepresenting that the Formula Makers would mix formula of "perfect consistency" and by omitting and failing to disclose its knowledge that the Formula Makers have a propensity for making watery formula.

172.    Baby Brezza's acts, omissions, misrepresentations, practices, and non-disclosures as alleged above also constitute deceit under Cal. Civ. Code § 1710: "[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."

173.    Baby Brezza's acts, omissions, misrepresentations, practices, and non-disclosures as alleged above also violate Sections 17200, et seq.'s prohibition against fraudulent acts and practices.

174.    Baby Brezza's acts, omissions, misrepresentations, practices, and non-disclosures as alleged above also constitute "unfair" business acts and practices under Business &

Professions Code sections 17200, et seq. in that Baby Brezza's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to that conduct. Plaintiffs assert violations of the public policy of engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. There were reasonable alternatives available to further Baby Brezza's legitimate business interests other than the conduct described above.

175.    Baby Brezza's unfair business practices and conduct described above were the immediate and proximate cause of damages suffered by Plaintiffs and Class Members.

176.    Baby Brezza's unfair business practices and conduct described herein caused Plaintiffs and Class Members to buy or pay more for Baby Brezza's product than they would have had they known of the defect.

177.    Furthermore, Baby Brezza's misrepresentations and omissions caused Plaintiffs and Class Members actual damages because had they known the truth about Baby Brezza's products, they would not have purchased it or paid as much for them.

178.    Baby Brezza's conduct caused and continues to cause substantial injury to Plaintiffs. Plaintiffs and Class Members have suffered injury in fact and have lost money as a result of Baby Brezza's wrongful conduct.

179.    Under Business & Professions Code section 17203, Plaintiffs and Class Members seek an order requiring Baby Brezza to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Baby Brezza to engage in a corrective advertising campaign and other corrective conduct as necessary and proper.

1956431.2

180.    Unless Baby Brezza is enjoined from continuing to engage in these unfair, unlawful, and fraudulent business practices, Plaintiffs, and the public, will continue to be injured by Baby Brezza's actions and conduct.

181.    Baby Brezza has thus engaged in unlawful, unfair, and fraudulent business acts and practices, entitling Plaintiffs and Class Members to judgment and equitable relief against Baby Brezza, as explained in the request for relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Baby Brezza as a result of such business acts or practices, and enjoining Baby Brezza from engaging in these practices.

## COUNT NINE
### VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT CIVIL CODE §§ 1750, *ET SEQ.*
### Asserted on Behalf of the California Sub-Class

182.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as if fully stated here**.**

183.    Baby Brezza violated section 1770 of the Consumers Legal Remedies Act. Baby Brezza violated Section 1770 at least by misrepresenting that the Formula Makers would mix formula of "perfect consistency" and by omitting and failing to disclose its knowledge that the Formula Makers have a propensity for making watery formula.

184.    Plaintiffs and the Class Members are entitled to, under California Civil Code §1780(1)(2), an order enjoining the above-described wrongful acts and practices of Baby Brezza, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under California Civil Code §1780.

185.    Plaintiffs are sending Baby Brezza a letter demanding corrective actions under the CLRA. Plaintiffs will amend their complaint to add claims for monetary damages if Baby Brezza fails to take the corrective actions.

## **JURY DEMAND**

Plaintiffs, by counsel, demand a trial by jury on all counts so triable.

\*    \*    \*

WHEREFORE, Plaintiffs individually and on behalf of the above defined Class, by and through counsel, pray the Court grant the following relief:

A.    An order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B.    An order appointing Plaintiffs as representatives for the Class and appointing their counsel as lead counsel for the Class;

C.    An order awarding Plaintiffs and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Baby Brezza described here;

D.    A Declaration that the Formula Makers are defective and pose a serious safety risk to consumers and the public;

E.    An order enjoining Baby Brezza, its agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture, marketing, and sale of the defective Formula Makers; requiring Baby Brezza to issue corrective actions including notification, recall, service bulletins, and fully covered replacement parts and labor, or replacement of the Formula Makers; and requiring Baby Brezza to notify Formula Maker owners with whom it comes in contact of the pendency of this and related litigation;

F.    Restitution as authorized by law;

G.     Payment to the Class of all damages associated with the replacement of the

defective products and parts, in an amount to be proven at trial;

H.     Punitive damages;

I.     An order awarding attorney's fees under applicable Federal and State law;

J.     Interest as provided by law, including, but not limited to, pre-judgment and post-

judgment interest as provided by rule or statute; and

K.     Any and all other and further relief as this Court deems just, equitable, or proper.


Dated: April 6, 2020                    Respectfully submitted,


_____
Jason L. Lichtman (NJ Bar Number 8092011)
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th fl.
New York, NY 10013-1413
Phone:  (212) 355-9500
Email:  jlichtman@lchb.com

Andrew R. Kaufman
Lieff Cabraser Heimann & Bernstein, LLP
222 Second Avenue South, Suite 1640
Nashville, TN  37201
Phone:  (615) 313-9000
Email:  akaufman@lchb.com

James E. Cecchi
Donald A. Ecklund
Carella Byrne, Cecchi, Olstein, Brody & Agnello,
P.C.
5 Becker Farm Road
Roseland, NJ 07068
Phone: (973) 994-1700
Email:jcecchi@carellabyrne.com
Email: decklund@carellabyrne.com

*Counsel for Plaintiffs and the Proposed Class*

Gary S. Soter
Law Office of Gary S. Soter
22287 Mulholland Hwy, #169
Calabasas, CA 91302
Phone: (323) 960-1909
Email: garysoter@garysoterlaw.com

*Additional Counsel for Plaintiffs*